RICHARD L HOLCOMB (HI Bar No. 9177)
BRIAN J BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@gmail.com
Email: brianbrazier@gmail.com

ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (808) 295-6733
Email: ngord2000@yahoo.com

Attorneys for Plaintiffs



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hawaii Defense Foundation, Christopher Baker, and Derek Scammon<br><br>                    Plaintiffs,<br>vs.<br><br>City and County of Honolulu; Andrew Lum, in his personal and official capacity; John Does 1-10 in their personal and official capacities.<br><br>                    Defendants. | CASE NO. CV12 00469 JMS RLP<br><br>COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, DECLARATORY AND INJUNCTIVE RELIEF<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

COME NOW the Plaintiffs, HAWAII DEFENSE FOUNDATION, CHRIS BAKER, and DEREK SCAMMON, by and through their undersigned counsel, and complain against Defendants CITY AND COUNTY OF HONOLULU; and JOHN DOE 1-10 as follows:

## INTRODUCTION

1. The Honolulu Police Department "HPD" operates an official social media page at the website Facebook.com. This page clearly purports to be the "official Facebook page of the Honolulu Police Department." Additionally, the fan page plainly states that it was created to be "a forum open to the public."

2. Despite affirmatively opening this page for discourse and commentary, Plaintiffs have had their comments removed in violation of their freedoms of speech. Moreover, in this specific instance, because Plaintiffs were critical of the HPD in their comments and/or did not express a viewpoint aligned with the department, the HPD has banned Plaintiffs from participating in the "public forum."

3. Plaintiffs have received no explanation for this ban or the censorship of their comments. No notice or opportunity to be heard was ever provided to Plaintiffs.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

5.  This Court has personal jurisdiction over Defendant City and County of Honolulu as it is a government entity, more specifically a municipal corporation incorporated under the laws of the State of Hawai'i, located in Hawai'i.

6.  This Court also has personal jurisdiction over each of the Defendants because they, inter alia, acted under the color of laws, policies, customs, and/or practices of the City and County of Honolulu and/or within the geographic confines of the State of Hawai'i.

7.  Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

8.  Plaintiff Hawaii Defense Foundation is a 501.c (3) non-profit membership organization incorporated under the laws of the State of Hawai'i, and hosts its principal place of business in Honolulu, Hawai'i.

9.  Hawaii Defense Foundation promotes education and legal action, as well as research, publishing, and advocacy, in support of civil liberties.

10. Plaintiff Christopher Baker is a natural person and a citizen of the United States, who at all material times herein did reside in Honolulu, Hawai'i. He is a

member and the President of the Hawaii Defense Foundation. Mr. Baker continues to reside in Honolulu, Hawai'i.

11. Plaintiff Derek Scammon is a natural person and a citizen of the United States, who at all material times herein did reside in Honolulu, Hawai'i. He is a member and Assistant Director of the Hawaii Defense Foundation. Mr. Scammon continues to reside in Honolulu, Hawai'i.

12. Defendant Andrew Lum is an employee of the HPD and is responsible for managing, administering, and maintaining the website. These duties are believed to include the removal of posts and banning of users. Mr. Lum is sued in both his personal and official capacity.

13. Defendants John Doe 1-10 are sued in both their personal and official capacity as administrators of the HPD's Facebook page. John Doe 1-10 are responsible for executing, maintaining and administering the HPD Facebook page and may be participants in the unconstitutional acts and practices discussed within this complaint.

14. Defendants John Doe 1-10, because of their enforcement actions, are accordingly liable to Plaintiffs for damages and other relief as set forth in this Complaint.

15. Plaintiffs have reviewed all documents available to them and have made a diligent and good faith effort to ascertain said persons' full names and identities;

however, Plaintiff has been unable to ascertain the identities of said Defendants. The names, capacities, and relationships of defendants named as Doe Defendants will be alleged by amendment to this Complaint when they are revealed and thus properly identified.

16. Plaintiffs reserve the right to amend this Complaint to add such parties as his true identities and capacities are ascertained through discovery or otherwise.

17. Defendant City is a municipal corporation incorporated under the laws of the State of Hawai'i. The City is authorized by law to control and maintain the Honolulu Police Department, an agency of the city, who acts on the City's behalf in the area of law enforcement. The City is therefore ultimately responsible for HPD and their actions, and therefore, must assume the risks incidental to the maintenance of HPD and its employees.

18. Employees of the HPD have enforced the policies complained in this action against Plaintiffs.

### Unlawful Administration of the Official Facebook Page

19. Plaintiff Christopher Baker has communicated, on numerous occasions and for the purpose of political commentary and/or public information, on the "wall" of the HPD Facebook fan page. And, without his consent or authorization and with no explanation, he has had numerous comments and posts deleted including posts Mr. Baker submitted on January 18, 25, 26, 27, and 31 of 2012. Plaintiffs have

4

attached printed images of the postings made on the HPD facebook page hereto as Exhibit One. Exhibit One is specifically incorporated herein as is restated verbatim herein.

20. Shortly after his posts were deleted, Mr. Baker discovered he was banned from participating in the discussion on the Official Honolulu Police Department Facebook site.

21. Plaintiff Derek Scammon has communicated, on numerous occasions and for the purpose of political commentary and/or public information, on the "wall" of the HPD Facebook fan page. And, without his consent or authorization and with no explanation, he has had numerous comments and posts deleted including posts submitted on January 27, 28 and 29 of 2012. Plaintiffs have attached printed images of the postings made on the HPD facebook page hereto as Exhibit Two. Exhibit Two is specifically incorporated herein as is restated verbatim herein.

22. Shortly after his posts were deleted, Mr. Scammon also discovered he was banned from participating in the discussion on the Official Honolulu Police Department Facebook site.

**County Policies and Actions have Violated the First and Fourteenth Amendment Rights of Hawaii Defense Foundation and its Members.**

23. Hawaii Defense Foundation is a 501.c (3) non-profit membership organization that has members and supporters throughout the United States, including members and supporters who live in both the City and County of

5

Honolulu and State of Hawai'i, as well as members and supporters who travel through the City and State.

24.   One of the core purposes of Hawaii Defense Foundation is to vindicate the legal rights of individuals who are unable to act on their own behalf in light of the costs and time commitments involved in litigation. Hawaii Defense Foundation brings this action on behalf of both itself and its members.

25.   HDF's members have therefore had their speech and expressive conduct suppressed and their civil rights infringed. Defendants have deleted posts and banned individual members, and most notably three directors, of the Hawaii Defense Foundation.  Furthermore, they have also removed and deleted posts that were made by the Foundation on the Police Department's fan page.  Individual members and supporters of Hawaii Defense Foundation continue to face an ongoing threat that their posts or commentary will be arbitrarily deleted and/or that they may be banned from the page.

26.   The members and supporters of Hawaii Defense Foundation also include individuals who would otherwise post on HPD's Facebook page, but in fear of HPD's policy of deleting posts and banning users whose speech they do not like, they refrain from doing so.

## The First Amendment Applies To Online Speech, Including Facebook.

27.    The First Amendment of the United States protects the "freedom of speech." U.S. Const. amend. I.

28.    Those protections undoubtedly apply to the States. *See Gitlow v. New York*, 268 U.S. 652 (1925).

29.    Social media, in our current age, is a very common activity that the people engage in to communicate with others, share ideas, protest, lobby, and generally express their views on topics to others. In fact, 845 million people actively used Facebook for purposes such as these in December 2011.[1]

30.    "Our Constitution is designed to maximize individual freedoms within a framework of ordered liberty. Statutory limitations on those freedoms are examined for substantive authority and content as well as for definiteness or certainty of expression." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Here, City agents are acting arbitrarily with no statutory limitations, and minimizing, rather than maximizing, individual freedoms by suppressing one of the most common and modern forms of free speech and, specifically, speech that is critical of the government.

---

[1] In 2011, Facebook reported 845 million monthly active users at the end of December 2011; approximately 165 million of those users live within the United States. Facebook, *Statistics*, Facebook (Apr. 2, 2012, 11:32 p.m.), http://newsroom.fb.com/content/default.aspx?NewsAreaId=22.

31. In some instances, government entities may determine the type of forum they want to create. Here, the HPD, using the social media site facebook.com, has expressly created a "forum open to the public." HPD only prohibited speech that was obscene, sexually explicit, racially derogatory, defamatory, solicits or is an advertisement, and that suggests or encourages illegal activities. The HPD rules governing the facebook posts is attached as Exhibit Three and is incorporated as if restated verbatim herein.

32. Thus, the HPD facebook page is an open forum. In an open public forum, restrictions that apply to certain viewpoints but not others face the highest level of scrutiny. *Legal Services Corp. v. Velazquez*, 531 U.S. 535 (2001). Alternatively, even if HPD didn't intend to create a traditional public forum, their policies and procedures would still fail under the rules and tests promulgated for non-traditional public forums; the HPD allows some comments, but not others, even when they are within the scope of the initial topic presented by the agency themselves.

33. Although the internet is not a park in the physical sense, the First Amendment has been designed to protect more than just newspapers and magazines. Moreover, a forum *need not* be a physical place. *Rosenberger v. Rector and Visitors of the University of Virginia*, 515 U.S. 819 (1995).

34. Defendants Lum and/or one or more John Does 1-10 violated Plaintiffs' First Amendment rights in removing the facebook posts and banning Plaintiffs from further participation in the forum.

35. Defendants Lum and/or one or more John Does 1-10 committed these acts pursuant to Defendant City's policy, practice, or customs, which constitute the standard operating procedure.

36. Alternatively, Defendant City's policy, practice, or customs, which constitute the standard operating procedure caused the violative acts and/or Plaintiffs' damages because Defendant City's practice or custom is to fail, neglect, or decline to oversee its employees or offer guidelines or policies to any or all of its employees in regards to administration, operation, or maintenance of the facebook.com site – guidelines or policies which could easily be implemented to ensure that the rights of Plaintiffs or any other citizen would not be violated.

37. Alternatively, Defendant Lum and/or one or more of Defendant(s) John Doe 1-10 were or are officials with final policy-making authority and/or the removal of the Plaintiffs' posts and/or banning Plaintiffs from participation in the forum constitutes an act of official governmental policy.

38. Alternatively, Defendant Lum and/or one or more Defendant(s) John Doe 1-10, employed by the HPD and/or the City, have final policy-making authority and ratified a subordinate's unconstitutional decision to remove Plaintiffs' posts and/or

to ban Plaintiffs from further participation in the forum and the basis for that decision. The subordinate is also named as one or more of the John Doe 1-10 Defendants.

### The United States Constitution Requires Procedural Due Process

39. The Fourteenth Amendment provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1.

40. Fundamental civil rights are protected against discretionary treatment. In order to ensure the fair, equal, and non-discretionary governance of these rights, government actions that affect a fundamental right, such as the freedom of speech, require procedural due process. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

41. Defendant City, in response to an Information Practices Act request, have admitted that there are no governing policies in regard to the administration or management of their facebook page. Instead posts are removed at the sole discretion of the Defendants or their agents. The actions in this case violate essentially *everything* that our civil rights are supposed to be protected from.

## FIRST CAUSE OF ACTION

### Violation of First and Fourteenth Amendments

42. Paragraphs 1 through 35 are incorporated as though fully stated herein.

43. Just as the First Amendment has been held to protect television, radio, and other developments in technology, online speech, including those comments posted and shared through Facebook, must be protected from Government infringement under the First Amendment.

44. Defendant's actions in arbitrarily deleting comments and banning users from participating on the HPD's official Facebook fan page, which was designed and is designated as an open public forum, is a violation of the First and Fourteenth Amendment to the United States Constitution and the current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

### Due Process Violation

45. Paragraphs 1 through 35 are incorporated as though fully stated herein.

46. Plaintiffs comments were deleted and their participation banned without any explanation.

47. Plaintiffs have no means to appeal the deletion and/or ban or seek relief from a higher authority.

48. No policies or procedures have been developed or promulgated to help guide the decisions and actions of the HPD's Facebook fan page administrators.

49. The actions described herein amount to a clear and present danger to civil liberties; and importantly, Defendants have failed to establish and provide the necessary safeguards of due process required when dealing with fundamental rights. The actions complained herein infringe upon the civil rights guaranteed by the First and Fourteenth Amendment to the United States Constitution and must be found unconstitutional and the current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. That a jury be empaneled to decide contested factual issues in this matter.

2. Declaratory judgment that Defendant's administration of their Facebook fan page and the policies governing its use violate the First Amendment of the United States Constitution.

3. Declaratory judgment affirming that Defendants' administration of the Facebook fan page and the policies, customs and/or practices governing this administration violate the Fourteenth Amendment of the United States Constitution.

4. A temporary restraining order compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiffs' deleted posts; to permit Plaintiffs to participate in the forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from banning not only Plaintiffs but any person for political speech made on the HPD facebook page and/or from removing protected speech from the facebook page.

5. Preliminary and/or permanent injunctive relief compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiffs' deleted posts; to permit Plaintiffs to participate in the forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from banning not only Plaintiffs but any person for political speech made on the HPD facebook page and/or from removing protected speech from the facebook page.

6. Such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and

7. Attorney's fees, statutory fees and costs pursuant to 42 U.S.C. § 1988.

Dated: Honolulu, HI; August 20, 2012.

                        Respectfully submitted,

                                                  _____
                                                  Richard Holcomb
                                                  Brian Brazier

                                                  _____
                                                  Alan Beck
                                                  Attorneys for Plaintiffs