RICHARD L HOLCOMB (HI Bar No. 9177)
BRIAN J BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@gmail.com
Email: brianbrazier@gmail.com

ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (619) 971-0414
Email: ngord2000@yahoo.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hawaii Defense Foundation, Christopher Baker, and Derek Scammon<br><br>                Plaintiffs,<br>vs.<br><br>City and County of Honolulu; Andrew Lum, in his personal and official capacity; John Does 1-10 in their personal and official capacities.<br><br>                Defendants.<br>_____ | CASE NO. 1:12-cv-00469<br><br>LOCAL RULE 16.2 SCHEDULING CONFERENCE STATEMENT<br><br><u>Hearing</u>:<br><br>Date: _ January 22, 2013_____<br><br>Time: _9 a.m._____<br><br>Judge: _Honorable Richard L. Puglisi_____ |

# LOCAL RULE 16.2 SCHEDULING CONFERENCE STATEMENT

COME NOW the Plaintiffs, Hawaii Defense Foundation, Derek Scammon, and Christopher Baker, by and through the undersigned counsel and pursuant to Local Rule 16.2, and submit the following statement:

## Statement of the case

This case arises from the Honolulu Police Department's ("HPD") operation of its official social media page at the website Facebook.com. This page clearly purported to be the "official Facebook page of the Honolulu Police Department." Additionally, the fan page plainly stated that it was created to be "a forum open to the public."

However, Plaintiffs had a number of their comments on the HPD Facebook page removed in violation of their freedoms of speech. Moreover, in this specific instance, because Plaintiffs were critical of the HPD in their comments and/or did not express a viewpoint aligned with the department, the HPD banned Plaintiffs from participating in the "public forum."

Plaintiffs never received any explanation for this ban or the censorship of their comments. No notice or opportunity to be heard was ever provided to Plaintiffs regarding the removal of their comments and/or the ban from participation in this public forum.

Plaintiffs initially filed a motion requesting a Temporary Restraining Order and for Preliminary Injunction. [Docs. 6, 7] The day after the filing of the Complaint (on August 22, 2012), the Court held a status conference. [Doc. 10] At that Status Conference, dates were preliminarily set for the Preliminary Injunction briefing and, because it was promised that no comments would be removed nor persons banned from participating in the forum, the TRO was denied as moot with leave to re-file. [Doc. 10]

At that initial hearing (and thereafter), the Court had encouraged the City to develop a First Amendment protocol governing the administration of the HPD Facebook page. Another status conference was held on August 24, 2012, at which the previously set Preliminary Injunction deadlines were vacated in order to accommodate the City in developing a protocol. [Doc. 16] Again, on September 5, 2012 and October 9, 2012 (originally scheduled for October 4, 2012), status conferences were also held. [Doc. 17, 21] At each of those status conferences, Plaintiffs consented to further delay in this matter occasioned by the City's failure to produce a protocol and upon representations by the City that the protocol should be developed by the next hearing.

Several communications have been exchanged since this time. For the most part, those communications consist of Plaintiffs asking the status of the protocol and the City responding that the protocol needed further negotiation or needed

approval. For example, on October 30, 2012, the City stated in a letter to Judge Seabright that "[t]he final language could not be agreed upon at th[e] meeting [between City attorneys and ACLU Attorney Dan Gluck], but we are not far (perhaps 2 weeks) from reaching the goal of a final draft of HPD'S FB policy." [Doc. 22]

On November 15, 2012, the undersigned again contacted the City via e-mail, reminding the City that the two weeks "in which we told Judge Seabright we would have some further answers have expired." The City responded by e-mail stating "[i]s there any way you can give me an additional week? I would be happy to send the letter stating whichever status is appropriate on November 21st . I have a meeting Monday discussion our final revisions to the policy and should meet with Bob [Godbey] shortly thereafter." Plaintiffs agreed "if [the City] would send a letter to Judge Seabright to update him." To Plaintiffs' knowledge, no such letter was ever sent.

More recently, on November 27, 2012, co-counsel, Alan Beck e-mailed the City requesting an update (because Plaintiffs had heard nothing since the last correspondence)and informing the City that "If we don't have an agreement or, at the very least an udpdate from you, we will need to proceed with our case." In response, the City informed Mr. Beck that a "consensus with a number of [the] deputies from the Counseling and Drafting Division on a proposed internal policy

and external statement of policy" and "these are currently being reviewed by the Corporation Counsel, Mr. Robert Godbey, together with a Settlement Agreement. I am extremely hopeful that I can get these finalized, sent to ACLU attorney Dan Gluck, and pushed on to you and/or Mr. Holcomb by the end of the week."

It is now January 13, 2013. Plaintiffs have received no further correspondence from the City. And to add insult to injury, on December 21, 2012, counsel learned in an unrelated matter before this Court that Mr. Godbey is no longer employed by the Department of Corporation Counsel.

The Plaintiffs have exercised an extraordinary degree of patience in permitting the delay of this matter based on promises that the First Amendment protocol would have long ago been developed and that a settlement agreement would have been proposed that would, hopefully, resolve this matter – or at least could have been reviewed by the Plaintiffs. Plaintiffs wish to wait no longer and insist that this case be properly calendared, with leave for Plaintiffs to re-file their Motion for Preliminary Injunction.

## Jurisdiction and Venue

This case presents a federal question of First and Fourteenth Amendment violations. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, and 2202. This Court has personal jurisdiction over Defendant City and County of Honolulu as it is a government entity, more

specifically a municipal corporation incorporated under the laws of the State of Hawaiʻi, located in Hawaiʻi.  This Court also has personal jurisdiction over each of the Defendants because they, inter alia, acted under the color of laws, policies, customs, and/or practices of the City and County of Honolulu and/or within the geographic confines of the State of Hawaiʻi.

Venue is proper pursuant to 28 U.S.C. § 1391.  All of the acts complained of occurred in the City and County of Honolulu.

## JURY TRIAL

A jury trial has been demanded.

## DISCOVERY

Because the Plaintiffs expected to have a settlement proposal long ago and because the Plaintiffs identities and the posts and actions at issue have long since been provided to Defendants via the filing of the Complaint and contemporaneous motions, the parties have not met to plan for discovery.  Accordingly, however, no discovery plan has been developed.  The parties have conferred extensively regarding the nature and basis of the claims and defenses and the Plaintiffs understood that the City was not challenging the propriety of the Plaintiffs' claims.  In fact, the only issue that appeared disputed from Plaintiffs' perspective was whether Defendants were liable for attorneys' fees and costs.

Plaintiffs have received no disclosures from Defendants. Plaintiffs request that Defendants be ordered, with a very real threat of sanctions for delay, to disclose their initial disclosures within 14 days of this status conference as contemplated by Rule 26 of the Federal Rules of Civil Procedure. Further, Plaintiffs believe that it is appropriate for the Court to examine Defendants as to what admissions it is making and to which exhibits the Defendants are willing to stipulate pursuant to Rule 16(c)(2)(C) of the Federal Rules of Civil Procedure. The delay in this case can only be exacerbated if the Defendants, having previously contested none of the factual allegations in the various conferences but, in their Answer, claiming a "lack of sufficient information" to admit or deny that Plaintiffs' posts were deleted [*See* Doc. 19], are not now compelled to at least investigate the facts with enough diligence to determine what facts are at issue. Further, Plaintiffs wish for hard and fast briefing schedules and a hearing date for determination of the parties' motions for summary judgment and motions for summary adjudication.

## **RELATED CASES**

There are no known related cases.

DATED: Honolulu, Hawaii, January 13, 2013.

        s/Richard L. Holcomb
        Richard L. Holcomb
        Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hawaii Defense Foundation, Christopher Baker, and Derek Scammon<br><br>                Plaintiffs,<br>vs.<br><br>City and County of Honolulu; Andrew Lum, in his personal and official capacity; John Does 1-10 in their personal and official capacities.<br><br>                Defendants. | CASE NO.   1:12-cv-00469<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that on the date first stated below, or in compliance with the rules of this Court, I did serve a true and exact copy of the foregoing document via operation of this Court's electronic filing system, upon the following:

Curtis Sherwood
Department of Corporation Counsel
530 S. King St.
Room 110
Honolulu, HI  96813

DATED:  Honolulu, Hawaii; January 14, 2013.

                                                          s/Richard L. Holcomb_____
                                                          Richard L. Holcomb
                                                          Attorney for Plaintiffs