DIANE T. KAWAUCHI, 1539
Acting Corporation Counsel

CURTIS E. SHERWOOD, 7851
Deputy Corporation Counsel
530 S. King Street, Room 110
City and County of Honolulu
Honolulu, Hawai'i 96813
Telephone: (808) 768-5134
Facsimile: (808) 768-5105
Email address:  csherwood@honolulu.gov

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU
and ANDREW LUM

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| Hawaii Defense Foundation, Christopher Baker, and Derek Scammon, <br><br> Plaintiffs, <br><br> vs. <br><br> City and County of Honolulu; Andrew Lum, in his personal and official capacity; John Does 1-10 in their personal and official capacities, <br><br> Defendants. | CIVIL No. CV12-00469 JMS RLP <br><br> DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWERS TO PLAINTIFF'S ADMISSIONS TO CITY AND COUNTY OF HONOLULU, SET ONE, RECEIVED FEBRUARY 1, 2013 |

## DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWERS TO PLAINTIFF'S ADMISSIONS TO CITY AND COUNTY OF HONOLULU, SET ONE, RECEIVED FEBRUARY 1, 2013

Defendant CITY AND COUNTY OF HONOLULU (hereinafter "City"), by and through its attorneys, Diane T. Kawauchi, Acting Corporation Counsel and Curtis E. Sherwood, Deputy Corporation Counsel, hereby responds to Plaintiff's Request for Admissions.

## GENERAL RESPONSES AND OBJECTIONS TO ADMISSIONS

1.     City objects to the admission requests to the extent that they ask for the disclosure of privileged communications, information that is protected work product, and information concerning documents and tangible things prepared in anticipation of litigation and/or trial.

2.     Discovery, investigation, and trial preparation have not been completed.  Any and all answers to the Admission requests are based only on information and documents available to the City at the time the responses and objections were prepared.

3.     City objects to these admission requests as being overly broad and unduly burdensome, oppressive and vexatious, in that to be able to respond would place an unreasonable and oppressive burden on the City in expenditure of time and money.

4.     City objects to each admission request that seeks admission of information which is outside of City's personal knowledge or information, or to the

2

extent that Plaintiff can obtain the information or admission more easily than the City.

    5.     All specific responses and objections are made without waiving any of the general responses and objections.

Without waiving said objections, the City responds to Plaintiff's Request for Admissions as follows.

**OBJECTING ATTORNEY'S SIGNATURE PURSUANT TO**
**RULE 36 OF THE FEDERAL RULES OF CIVIL PROCEDURES**

Defendant CITY AND COUNTY OF HONOLULU (hereinafter referred to as "City"), by and through its attorneys, Diane T. Kawauchi, Acting Corporation Counsel and Curtis E. Sherwood, Deputy Corporation Counsel, hereby objects to certain of these admission requests propounded herein, having stated the basis for the objection after each such request.

DATED:  Honolulu, Hawai'i, *March 8, 2013* .

DIANE T. KAWAUCHI
Acting Corporation Counsel

By: _____
CURTIS E. SHERWOOD
Deputy Corporation Counsel

Attorney for Defendant
CITY AND COUNTY OF HONOLULU

3

## RESPONSE TO ADMISSIONS

REQUEST FOR ADMISSION NUMBER 1:

Admit that the Honolulu Police Department is an executive department of the City and County of Honolulu which is under the supervision of the managing director of the City.

Response:

ADMIT _____X_____          DENY _____

REQUEST FOR ADMISSION NUMBER 2:

Admit that the head of any executive agency of the City and County of Honolulu may promulgate rules and regulations that set forth procedures necessary for such agency in dealing with the public.

**Objection:  The request is vague and ambiguous in its use of the terms "head" and "agency".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that directors of its departments may promulgate rules and regulations concerning the procedures of their departments.

REQUEST FOR ADMISSION NUMBER 3:

Admit that, from January 18, 2012 until the filing of Plaintiffs' Complaint, the Honolulu Police Department delegated the authority for determining which posts would deleted from the HPD Facebook wall or page to Andrew Lum.

Response:

ADMIT _____X_____          DENY _____

REQUEST FOR ADMISSION NUMBER 4:

Admit that, from January 18, 2012 until the filing of Plaintiffs' Complaint, the Honolulu Police Department delegated the authority for determining which persons would be banned from posting on the HPD Facebook wall or page to Andrew Lum.

Response:

ADMIT _____X_____   DENY _____

REQUEST FOR ADMISSION NUMBER 5:

Admit that the HPD deleted comments from the HPD Facebook on January 18, 2012, as alleged in Paragraph 19 of the complaint.

**Objection:   The request is vague, ambiguous and nonsensical in its use of the term "HPD Facebook".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that certain postings of Plaintiff CHRISTOPHER BAKER (hereinafter "Baker") were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The thirteen (13) pages attached to Plaintiff's complaint as "Exhibit 1" are not dated.   The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 6:

Admit that the printout attached to Plaintiffs' Complaint in Exhibit 1 is a printout of comments made on the HPD Facebook page on January 18, 2012, and that were subsequently deleted.

**Objection**:  The request is vague, ambiguous and confusing in its use of the term "printout... in Exhibit 1".

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that some of the postings included in Exhibit "1", which is attached to the Complaint, were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The thirteen (13) pages attached to Plaintiff's complaint as "Exhibit 1" are not dated. The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 7:

Admit that the HPD deleted comments from the HPD Facebook on January 25, 2012, as alleged in Paragraph 19 of the complaint.

**Objection**:  The request is vague, ambiguous and nonsensical in its use of the term "HPD Facebook".

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that certain postings of Plaintiff CHRISTOPHER BAKER (hereinafter "Baker") were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The thirteen (13) pages attached to Plaintiff's complaint as "Exhibit 1" are not dated.   The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 8:

Admit that the printout attached to Plaintiffs' Complaint in Exhibit 1 is a printout of comments made on the HPD Facebook page on January 25, 2012, and that were subsequently deleted.

**Objection:  The request is vague, ambiguous and confusing in its use of the term "printout... in Exhibit 1".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that some of the postings included in Exhibit "1", which is attached to the Complaint, were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The thirteen (13) pages attached to Plaintiff's complaint as "Exhibit 1" are not dated. The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.


REQUEST FOR ADMISSION NUMBER 9:

Admit that the HPD deleted the comments on the HPD Facebook on January 26, 2012, as alleged in Paragraph 19 of the complaint.

**Objection:  The request is vague, ambiguous and nonsensical in its use of the term "HPD Facebook".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that certain postings of Plaintiff CHRISTOPHER BAKER (hereinafter "Baker") were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The thirteen (13) pages attached to Plaintiff's complaint as "Exhibit 1" are not dated.   The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this

- 4 -

request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 10:

Admit that the printout attached to Plaintiffs' Complaint in Exhibit 1 is a printout of comments made on the HPD Facebook page on January 26, 2012, and that were subsequently deleted.

**Objection:  The request is vague, ambiguous and confusing in its use of the term "printout... in Exhibit 1".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that some of the postings included in Exhibit "1", which is attached to the Complaint, were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The thirteen (13) pages attached to Plaintiff's complaint as "Exhibit 1" are not dated.  The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 11:

Admit that the HPD deleted comments from the HPD Facebook on January 27, 2012, as alleged in Paragraph 19 of the complaint.

**Objection:  The request is vague, ambiguous and nonsensical in its use of the term "HPD Facebook".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that certain postings of Plaintiff CHRISTOPHER BAKER (hereinafter "Baker") were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The thirteen

(13) pages attached to Plaintiff's complaint as "Exhibit 1" are not dated.   The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 12:

Admit that the printout attached to Plaintiffs' Complaint in Exhibit 1 is a printout of comments made on the HPD Facebook page on January 27, 2012, and that were subsequently deleted.

**Objection:   The request is vague, ambiguous and confusing in its use of the term "printout... in Exhibit 1".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that some of the postings included in Exhibit "1", which is attached to the Complaint, were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The thirteen (13) pages attached to Plaintiff's complaint as "Exhibit 1" are not dated. The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 13:

Admit that the HPD deleted comments from the HPD Facebook page on January 31, 2012, as alleged in Paragraph 19 of Mr. Baker's complaint.

Response:

The City admits that certain postings of Plaintiff CHRISTOPHER BAKER (hereinafter "Baker") were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The thirteen

(13) pages attached to Plaintiff's complaint as "Exhibit 1" are not dated.   The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 14:

Admit that the printout attached to Plaintiffs' Complaint in Exhibit 1 is a printout of comments made on the HPD Facebook page on January 31, 2012, and that were subsequently deleted.

**Objection:  The request is vague, ambiguous and confusing in its use of the term "printout... in Exhibit 1".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that some of the postings included in Exhibit "1", which is attached to the Complaint, were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The thirteen (13) pages attached to Plaintiff's complaint as "Exhibit 1" are not dated. The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 15:

Admit that on or about January 31, 2012, the HPD banned Christopher Baker from commenting on the HPD Facebook page.

Response:

The City admits that Baker was blocked from leaving comments by Captain Lum.  However, the City cannot state specifically the date that such action took

place. The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request. Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

### REQUEST FOR ADMISSION NUMBER 16:

Admit that, from January 18, 2012 until the filing of Plaintiffs' Complaint, Andrew Lum was delegated the authority to determine, as a matter of policy, who would be banned from participating in the discussions on the HPD Facebook wall.

Response:

ADMIT _____X_____      DENY _____

### REQUEST FOR ADMISSION NUMBER 17:

Admit that the HPD deleted comments from the HPD Facebook on January 27, 2012, as alleged in Paragraph 21 of the complaint.

**Objection:   The request is vague, ambiguous and nonsensical in its use of the term "HPD Facebook".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that certain postings of Plaintiff DEREK SCAMMON (hereinafter "Scammon") were removed from its Facebook page. However, the City cannot state specifically the date(s) that such postings were removed. The eight (8) pages attached to Plaintiff's complaint as "Exhibit 2" are not dated. The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request. Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

- 8 -

REQUEST FOR ADMISSION NUMBER 18:

Admit that the printout attached to Plaintiffs' Complaint in Exhibit 1 is a printout of comments made on the HPD Facebook page on January 27, 2012, and that were subsequently deleted.

Response:  *See* objection and response to Request for Admission no. 12.

REQUEST FOR ADMISSION NUMBER 19:

Admit that the HPD deleted comments made on the HPD Facebook on January 28, 2012, as alleged in Paragraph 21 of the complaint.

**Objection:   The request is vague, ambiguous and nonsensical in its use of the term "HPD Facebook".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that certain postings of Plaintiff DEREK SCAMMON (hereinafter "Scammon") were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The eight (8) pages attached to Plaintiff's complaint as "Exhibit 2" are not dated.   The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 20:

Admit that the printout attached to Plaintiffs' Complaint in Exhibit 1 is a printout of comments made on the HPD Facebook page on January 28, 2012, and that were subsequently deleted.

**Objection:   The request is vague, ambiguous and confusing in its use of the term "printout… in Exhibit 1".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

DENY.  Pursuant to Plaintiff's own pleading, "Exhibit 1" did not involve any comments made on January 28th.

REQUEST FOR ADMISSION NUMBER 21:

Admit that the HPD deleted comments from the HPD Facebook on January 29, 2012, as alleged in Paragraph 21 of the complaint.

**Objection:  The request is vague, ambiguous and nonsensical in its use of the term "HPD Facebook".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City admits that certain postings of Plaintiff DEREK SCAMMON (hereinafter "Scammon") were removed from its Facebook page.  However, the City cannot state specifically the date(s) that such postings were removed.  The eight (8) pages attached to Plaintiff's complaint as "Exhibit 2" are not dated.   The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.

REQUEST FOR ADMISSION NUMBER 22:

Admit that the printout attached to Plaintiffs' Complaint in Exhibit 1 is a printout of comments made on the HPD Facebook page made on January 29, 2012, and that were subsequently deleted.

**Objection:  The request is vague, ambiguous and confusing in its use of the term "printout… in Exhibit 1".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

DENY.  Pursuant to Plaintiff's own pleading, "Exhibit 1" did not involve any comments made on January 29th.


REQUEST FOR ADMISSION NUMBER 23:

Admit that on or about January 31, 2012, the HPD banned Derek Scammon from commenting on the HPD Facebook page.

Response:

The City admits that Scammon was blocked from leaving comments by Captain Lum.  However, the City cannot state specifically the date that such action took place.  The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently, it lacks sufficient information to respond the remainder of this request and denies on that basis.


REQUEST FOR ADMISSION NUMBER 24:

Admit that during the period of January 18, 2012, until the date of the filing of Plaintiffs' Complaint, the specific language on the HPD Facebook page stated that it was a "forum open to the public."

**Objection:  The request is vague and ambiguous in its use of the phrase "the specific language".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

ADMIT    _____X_____        DENY    _____

The City admits that its Facebook page contained, for some period of time in 2012, the above-quoted language.  However, the City cannot state definitively the period that its Facebook page contained the same.  The City has made reasonable inquiry and the information it knows and can reasonably obtain is insufficient to enable it to admit or definitively deny the remainder of this request.  Consequently,

it lacks sufficient information to respond the remainder of this request and denies on that basis.


REQUEST FOR ADMISSION NUMBER 25:

Admit that during the period of January 18, 2012, until the filing of Plaintiffs' Complaint, Andrew Lum was given the authority by HPD to make policy governing the administration of the HPD Facebook page.

**Objection:   The request is vague and ambiguous in its use of the phrase "make policy".**

Subject to the foregoing objections, and without waiving the same, the City responds to the request as follows:

The City denies that Andrew Lum was given the authority by HPD to write official policy.  However, the City admits that he was given authority to create rules and guidelines to govern its Facebook page.


REQUEST FOR ADMISSION NUMBER 26:

Admit that Andrew Lum was responsible for the administration of the HPD Facebook page from January 18, 2012 until the filing of Plaintiffs' Complaint.

Response:

ADMIT   _____X_____      DENY   _____


REQUEST FOR ADMISSION NUMBER 27:

Admit that, from January 18, 2012 until the filing of Plaintiffs' Complaint, some posts on the HPD Facebook wall were deleted while others were allowed to remain.

Response:

ADMIT   _____X_____      DENY   _____

- 12 -

REQUEST FOR ADMISSION NUMBER 28:

Admit that, from January 18, 2012 until the filing of Plaintiffs' Complaint, Andrew Lum was responsible for determining which posts would be deleted and which would be allowed to remain on the HPD Facebook wall.

Response:

ADMIT _____X_____          DENY _____

REQUEST FOR ADMISSION NUMBER 29:

Admit that, on August 21, 2012, the Honolulu Police Department posted the following on its Facebook page or wall:

> Aloha HPD Facebook users. We hope the information this site provides is useful and has value to you as members of this community. The intent of this site was to utilize current technology to build law enforcement partnerships with you toward making Honolulu the safest place to live, work, and play.
>
> Sharing your experiences with us, either good or bad, is encouraged. However, misrepresentations calculated to harm the reputation of the HPD, or others, are considered defamatory and will be deleted as a violation of the posting guidelines.
>
> We appreciate the opportunities Facebook technology allows us in sharing information with you. Aloha.

Response:

The City admits that the above language, set forth in the three (3) indented paragraphs was, at some point in 2012, posted on its Facebook page wall by Captain Lum.  However, the City cannot state definitively the date when such posting was made.  The City denies the remainder of this request.