RICHARD L HOLCOMB (HI Bar No. 9177)
BRIAN BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (619) 971-0414
Email: ngord2000@yahoo.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Hawaii Defense Foundation, Christopher Baker, and Derek Scammon | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. CV 12-00469JMS-RLP |
| Plaintiffs, | | NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES; |
| vs. | | DECLARATIONS OF CHRISTOPHER BAKER |
| City and County of Honolulu; Andrew Lum, in his personal and official capacity; John Does 1-10 in their personal and official capacities. | | RICHARD L. HOLCOMB, ALAN BECK, and BRIAN BRAZIER; EXHIBITS ONE THROUGH SEVEN; APPENDIX (UNREPORTED CASES); CERTIFICATE OF SERVICE |
| Defendants. | | HEARING: |
| _____ | | Date: _____ Time: _____ Judge: Honorable Richard L. Puglisi |

## NOTICE OF MOTION AND
## MOTION FOR ATTORNEYS' FEES

COME NOW the Plaintiffs, by and through the undersigned counsel, and pursuant to 42 U.S.C. § 1988 and the stipulated dismissal and order in the above-captioned case, signed by the Honorable Michael Seabright on January 21, 2014, and request that this Court issue an Order granting Plaintiffs reasonable attorneys' fees.

In support of this motion, Plaintiff will show:

1.      As a result of this lawsuit, Plaintiffs Hawaii Defense Foundation, Christopher Baker, and Derek Scammon are able to exercise their constitutional right to express protected speech on the public forum that is the Honolulu Police Department Facebook web page.

2.      On August 21, 2012, Plaintiffs filed the instant lawsuit, seeking declaratory and injunctive relief for the violation of Plaintiffs' rights guaranteed by the First and Fourteenth Amendments.

3.      The day after the Complaint was filed, this Court held a status conference.  The Court informed the City that if the allegations in the Complaint were true, this Court would likely issue a Temporary Restraining Order as requested by the Plaintiffs.

4.      The City then decided that no posts would be removed until such time as a policy governing the removal of speech from the HPD Facebook page

was negotiated, with the assistance of the ACLU, and approved by the Plaintiffs.

5.     The parties negotiated a policy to govern the administration of all city Facebook pages and to allow Plaintiffs to again post on (be unbanned from) the Honolulu Police Department Facebook page.

6.     After nearly a year of negotiations, on January 21, 2014, Plaintiffs and Defendants entered into a Stipulated Dismissal, wherein the city admitted that:

> a)     in late January, 2012, certain postings made by Plaintiffs Christopher Baker and Derek Scammon were removed from that page and Baker and Scammon were subsequently prohibited from making further postings there;
>
> b)     after the filing of the instant complaint and after approval of Plaintiffs, Honolulu Police Department ("HPD") and City and County of Honolulu changed their policies and procedures with regard to the administration of all of their Facebook pages;
>
> c)     after the filing of the instant complaint, Baker and Scammon had their privileges to post on the HPD Facebook page restored;
>
> d)     the policies developed as a result of negotiations between the Plaintiffs and Defendants are still in place;

e)      upon presentation of invoices associated with this case, the City will reimburse Mr. Baker and/or the Hawaii Defense Foundation for the costs expended in this case; and

f)      the parties acknowledge that Plaintiffs may bring a subsequent motion, pursuant to the rules, seeking attorney's fees.

7.      The Plaintiffs therefore pray that this Court issue an Order Granting Plaintiffs' Reasonable Attorneys' Fees in this case, pursuant to 42 U.S.C. section 1988.  Specifically, Plaintiffs are requesting that this Court award: Attorney Beck $20,250.00, plus a G.E.T. award of $954.18, for a total award of $21,204.18 to compensate Mr. Beck for the 81 hours he has contributed to this case; Attorney Brazier $14,868.75, plus $700.62 for the General Excise Tax, for a total of $15,569.37 for the 45.75 hours he has contributed to this case; and Attorney Holcomb $26,660.50 plus $1,256.24 for the General Excise Tax for a total of $27,916.74 for the 75.1 hours he has contributed to this Case.

8.      Plaintiffs request a hearing on this matter as soon as is practicable for the court and the parties.

In support of this Motion, Plaintiffs rely on the Memorandum, Declarations, and Exhibits filed contemporaneously with this Motion.

DATED:  Honolulu, Hawaii, February 4, 2014.


                                        *s/Richard Holcomb*
                                        Richard Holcomb
                                        Brian Brazier
                                        Alan Beck
                                        Attorneys for Plaintiffs